ORDER AND OPINION FOLLOWING PRE-HEARING CONFERENCE
EDMUND CLAY GOODMAN, Acting Judge.
BACKGROUND
Pursuant to the Grand Ronde Employment Action Review Ordinance, Tribal Code § 255.5, Petitioner seeks judicial review of the Final Employment Decision issued by Spirit Mountain Casino to terminate his employment involuntarily, naming both Spirit Mountain Gaming, Inc., and the Confederated Tribes of the Grand Ronde Community of Oregon as party respondents in this matter. The parties have presented several preliminary motions to the Court that require resolution prior to establishing the schedule for briefing and oral arguments on the merits.
The parties have had the opportunity to brief the issues raised in these several motions. The Court, having reviewed the briefs, has determined that the briefs have fully addressed the relevant issues and that oral argument would not aid in the disposition of the matters addressed, with one exception discussed below.
ISSUES PRESENTED
1. Pursuant to a motion filed by Respondent Spirit Mountain Gaming, the Court issued a protective order regarding surveillance videotapes that are part of the record in this case. Order Granting Motion for Protective Order, October 16, 2003. Petitioner, with leave of the Court, filed an objection to that protective order. Petitioner’s objection is denied and the protective order remains in full force and effect.
2. Respondent filed a Motion to Dismiss the Confederated Tribes of the Grand Ronde Community of Oregon as a party respondent to this case. That motion is granted.
3. Respondent moved to supplement the record in this case with a number of additional materials. The Court has determined that oral argument would be useful to aid the Court in resolving the issues *78 presented, and has set oral argument on this matter for Friday, February 6, 2004, at 3:15 PM.
4. Respondent moved to “expedite” the hearings in this ease. The Court has determined that it will entertain additional argument on this issue at the oral argument set for February 6, 2004.
5. On January 9, 2004, Petitioner and his wife tiled for Chapter 7 bankruptcy in the United States Bankruptcy Court of the District of Oregon. Petitioner informed the Court and Respondent of this filing on January 21, 2004. Petitioner’s attorney inquired of the Court as to whether the “automatic stay” provisions of the federal bankruptcy code, 11 U.S.C. § 362, applied to stay this case from proceeding. The Court has determined that the automatic stay does not apply to this case.
ANALYSIS

1. Does Bankruptcy Code Automatic Stay Apply to this Case?

If the Bankruptcy Code automatic stay applies to this case, no further proceedings may occur. Proceedings subsequent to a stay that are in violation of the stay are void ab initio. In re Gruntz, 202 F.3d 1074, 1082 n. 6 (9th Cir.1999). It is therefore necessary, before moving to resolution of the other issues presented, that the Court determine whether the stay applies to these proceedings.
Although the U.S. Bankruptcy Court is the only court with jurisdiction to modify the terms of an automatic stay, Noli v. Commissioner of Internal Revenue, 860 F.2d 1521, 1525 (9th Cir.1988), “[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.” Erti v. Paine Webber Jackson & Curtis, 765 F.2d 343, (2d Cir.1985). See also SEC v. First Financial Group of Texas, 645 F.2d 429, 436-40 (5th Cir.1981). This Court thus has the authority to determine whether the automatic stay applies to the present case.
Without addressing the question of whether the Bankruptcy Court stay would apply to any proceeding in a tribal court, the Court determines that the express terms of the automatic stay set out in 11 U.S.C. § 362 do not apply to proceedings of the present sort, no matter what the forum. The automatic stay provision, reads as follows:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) ¿ny act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a *79 claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
11 U.S.C. § 362(a). From the express terms of the statute, it is clear that the automatic stay does not apply to any and all legal proceedings involving the bankruptcy debtor. Rather, the automatic stay applies to only those proceedings that are filed against the debtor, his estate or his property and assets. The purpose is clear: to protect the property and assets of the bankruptcy debtor during the course of the proceedings so that the bankruptcy creditors receive their share of the property and assets according to the prioritization provisions of the Bankruptcy Code.
The present case is not a case brought against Petitioner, his estate, his assets or property. Rather, it is a case brought by the Petitioner seeking to overturn what he alleges is a wrongful termination of employment. The case is proceeding under the specific and limited terms of Tribal Code § 255.5. The Tribe’s Employment Action Review Ordinance does not involve any claims, offsets or any type of encumbrance against or upon Petitioner, his estate, his assets or property. The Court finds, therefore, that by the express terms of the bankruptcy statute, the present case is not subject to the automatic stay of 11 U.S.C. § 362.

2. Should the Protective Order be Dissolved?

On October 16, 2003, Respondent Spirit Mountain Gaming moved the Court to issue a protective order “restricting the copying, distribution, and viewing of all video surveillance tapes produced by Spirit Mountain in connection with this proceeding.” Motion for Protective Order at 1. While the Court issued its Order Granting Protective Order on that same date, the Court also granted Petitioner leave to file an objection to the Protective Order. Order Allowing Objection to Protective Order, October 29, 2003.
Petitioner filed his Memorandum Opposing Respondent Gaming Motion for Protective Order on November 12, 2003 (Opposition to Protective Order). Petitioner asserts that “Respondent Gaming has offered no admissible evidence to meet its burden to seal evidence from public dew in a public case in the Tribe’s public court.” Petitioner is correct that Respondent Spirit Mountain Gaming has not offered any admissible evidence regarding its justification in asking for a protective order. Respondent has offered statements made by its attorney in the Motion for Protective Order that “the video surveillance tapes contain highly sensitive and confidential information concerning the location and nature of the surveillance and security systems at the casino,” and that “effective security is fundamental to the integrity of the gaming operations of the casino and release of this information may jeopardize that security.” Motion for Protective Order at 1. In its Reply, Respondent again relies merely on factual assertions by legal counsel regarding camera angles, motion, zoom, speed, clarity and other surveillance capabilities, including assertions regarding domes that allegedly cover the cameras. Respondent’s Reply to *80 Petitioner’s Memorandum Opposing Protective Order at 1.
If Petitioner were correct in his assertion that the burden was upon Respondent to justify a protective order sealing a portion of or all of the record in this case, Petitioner would be entitled to have the Protective Order dissolved. Factual assertions by counsel in a legal brief, without support of sworn testimony by a competent witness, are not admissible evidence and are therefore not acceptable to the Court as grounds to support the issuance of a protective order.
However, while Petitioner has appropriately put forth his factual assertions via an affidavit, Petitioner incorrectly states the applicable burden regarding public disclosure of the record in this case. The Employment Action Review Ordinance, in relevant part, reads as follows:
The record shall be maintained under seal and no person other than the authorized representatives of the parties and the Tribal Court shall be allowed to review said file except upon an order issued by the Tribal Court after notice to the parties. Such orders are not favored and may not be issued except with the consent of the affected Employee and either the Tribe or the Tribal Government Corporation which submitted the record or upon a showing of exceptional necessity or a legal requirement mandating the requested disclosure.
Tribal Code § 255.5(d)(4) (emphases added). Under the express terms of the Ordinance, the record is presumptively sealed unless the Court issues an order allowing disclosure. The burden, therefore, lies upon the party seeking an order to open the record for public disclosure, and that burden is a substantial one (“such orders are not favored”). Petitioner has not met his burden.
First, the Court may issue a disclosure order if both the Employee and the Respondent consent. Petitioner has not provided any evidence that Respondent Spirit Mountain Gaming has consented to disclosure. Petitioner’s assertion that the surveillance cameras are in plain view—which, as noted above, has not been effectively contested by Respondent Spirit Mountain Gaming—will not be deemed constructive consent. Petitioner seeks disclosure not merely of the location of the surveillance cameras, but the content of surveillance tapes themselves. Moreover, since disclosure orders are not to be favored, constructive consent would not be appropriate in any event.
Second, Petitioner has not made “a showing of exceptional necessity or a legal requirement mandating the requested disclosure.” Petitioner points to no legal requirement mandating disclosure. Nor does Petitioner directly assert any necessity for disclosure. Such an assertion, however can be inferred from Petitioner’s Affidavit in support of his Objection to the Protective Order, which states:
... I do not want these tapes hidden from public view in our public Tribal Court. I am concerned the effort to keep these tapes a secret under a Protective Order is really an effort to hide the activity of public officials from public view by Tribal Members and other officials of our Tribe.
Affidavit of Petitioner at 1-2. The Court does not question the sincerity of Petitioner’s belief that the videotapes may show some activity in which Tribal Members or Tribal officials may be interested. Heartfelt as that belief may be, however, Petitioner has failed to make the requisite showing as to the necessity of public disclosure of these tapes 'within the context of this case, which is a proceeding under the *81 limited and specific authorization of Tribal Code § 255.5. Petitioner has not asserted any grounds connecting public disclosure of the videotape—or any portion of the record—that are related to or would have an impact upon the specific matter at issue: a challenge to Petitioner’s termination of employment.
Even assuming, arguendo, that Petitioner’s implication that the videotape shows malfeasance by Tribal officials, Petitioner has not asserted any grounds to show how public disclosure of such malfeasance would impact the decision that the Court must address in this case: whether the process and/or the grounds underlying Petitioner’s termination from employment were legally defective. The Court will have the opportunity to review the tape, and Petitioner will have the opportunity to argue to the Court, in the course of this proceeding, that the tape shows what Petitioner asserts it shows, and to further argue, as Petitioner must, that what the tape shows is relevant to Petitioner’s assertion that his termination from employment was in error.
Public release of the videotape for any other purpose is simply not within the scope of this Court’s jurisdiction in the context of this proceeding. This proceeding is authorized pursuant to a specific and limited waiver of the Tribe’s sovereign immunity. Tribal Code § 255.5(c). That specific and limited waiver is for the purposes of reviewing final employment decisions only. Id. The Tribe, in fact, has enacted a Gaming Ordinance that establishes a comprehensive regulatory scheme governing the conduct and regulation of gaming within the jurisdiction of the Tribe. See Grand Ronde Tribal Gaming Ordinance, originally enacted 5/12/93, most recently amended 2/20/02. The Court is not inclined to read the Employment Action Review Ordinance’s specific and limited waiver of sovereign immunity as a jumping off point to address wholly collateral issues, particularly where the Tribe has already decided to address such issues through a separate and comprehensive regulatory scheme.

3. Is the Tribe a Proper Party-Respondent in this Case?

Petitioner initially filed two Petitions for Judicial Review in this case. One named the Confederated Tribes of Grand Ronde as the Respondent (Case No. C-03-09-001); the other named Spirit Mountain Gaming (Case No. C-03-09-002). The cases were consolidated into a single proceeding, pursuant to stipulation by the parties that the two separate cases “are basically the same.” Order of Consolidation, November 5, 2003. On October 13, 2003, the Tribe filed a Motion to Dismiss the Tribe as a party-respondent. On October 24, 2003, prior to Petitioner’s filing a response, the Court granted the Motion to Dismiss. Upon motion by the Petitioner, the order granting the motion to dismiss was set aside, and the parties were given the opportunity to brief the issue.
In sum, the Tribe’s argument is that the Tribe is not a proper party to this action because the Tribe was not Petitioner’s employer and did not make the employment decision at issue in this case. Petitioner responds that the Tribe’s argument is based on facts that are not properly before the Court, and that under the applicable standard of review of a motion to dismiss, the Court must assume that all facts pled by the Petitioner are true for the purposes of the motion. Petitioner also points to language in the Employment Action Review Ordinance that states as follows: “The Tribal Council finds that employees of Spirit Mountain Development Corporation, Spirit Mountain Gaming, Inc., and the Grand Ronde Tribal Housing Authority *82 are employees of the Tribe” Tribal Code § 255.5(a)(3) (emphasis added).
The Tribe has adopted the Federal Rules of Civil Procedure to govern proceedings in Tribal Court. While it would have aided the Court for the Tribe to have cited to applicable provision of the FRCP upon which the motion was based, failure to do so is not grounds for rejecting the motion. See Travel All Over the World, Inc., v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir.1996). The Tribe’s motion can be construed as asserting grounds to dismiss under both FRCP 12(b)(1) (lack of subject matter jurisdiction) and FRCP 12(b)(6) (failure to state a claim upon which relief can be granted).

a FRCP 12(b)(1)

In effect, the Tribe argues that the waiver of sovereign immunity contained in Tribal Code § 255.5(e) is limited, that the Tribe can only be named as a party defendant where the waiver is applicable to the Tribe, and that in the matter before the Court, the waiver is not applicable to the Tribe because the Tribe was not Petitioner’s employer. Tribal sovereign immunity is a matter of subject matter jurisdiction, Fletcher v. United States, 116 F.3d 1315, 1323-24 (10th Cir.1997), which may be challenged by a motion to dismiss under FRCP 12(b)(1). Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir.1995).[1] When considering a motion to dismiss under FRCP 12(b)(1) for a factual or substantive lack of subject matter jurisdiction, the Court will not assume the truthfulness of the allegations made in the Petition, but enjoys wide discretion to consider other documents and evidence. See Holt v. United States, 46 F.3d at 1003 (10th Cir.1995). Where a challenge to subject matter jurisdiction has been asserted, the Petitioner carries the burden of establishing jurisdiction, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and must carry the burden by a preponderance of the evidence. Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379, 1383 (Fed.Cir.2002).
An Indian tribe’s sovereign immunity from suit is well-established, and such immunity can only be waived by express and unequivocal Congressional or tribal consent. Santa Clara, Pueblo v. Martinez, 436 U.S. 49, 58-59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). A sovereign’s consent to be sued in any court defines that court’s jurisdiction to entertain the suit. United States v. Mitchell 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Tribal Code § 255.5(c) contains such consent, and that consent defines and proscribes the jurisdiction of this Court in any action brought under that Ordinance. The waiver states as follows:
Absent applicable law to the contrary, the sovereign immunity of the Tribe, including ... each Tribal Government Corporation, shall continue except that such immunity is hereby expressly waived to judicial review exclusively by the Tribal Court of an Final Employment Decision upon the timely filing of a petition for judicial review with the Tribal Court by an aggrieved employee in accordance with the standards and procedures established by the Ordinance.
Tribal Code § 255.5(c)(1). The Ordinance goes on to state that it does not waive the sovereign immunity of the Tribe “except as *83 expressly provided in this Ordinance.” Tribal Code § 255.5(c)(5).
The waiver, as is clear from the express language of § 255.5(c)(1), is keyed exclusively to a review of the “Final Employment Decision,” which term is defined as “a final determination relating to the terms and conditions of employment ... made by a Decisionmaker.” Tribal Code § 255.5(b)(6). The term “Decisionmaker” is defined as follows:
(A) the Executive Officer or any board, officer, employee or agent of the Tribe, including any agency or instrumentality of the Tribe other than a Tribal Government Corporation, to whom authority has been delegated to make a Final Employment Decision, and (B) the chief executive officer of a Tribal Government Corporation or any board, officer, employee or agent of a Tribal Government Corporation to whom authority has been delegated by a Tribal Government Corporation to make a Final Employment Decision.
Tribal Code § 255.5(b)(2). For purposes of judicial review, the Ordinance expressly contemplates that review of the Final Employment Decision of a Tribal Government Corporation is distinct from a review of a Final Employment Decision by the Tribe or its agencies or instrumentalities. This same distinction is drawn elsewhere in the Ordinance. See Tribal Code § 255.5(d)(4) (providing that “the Tribe or the Tribal Government Corporation whose Final Employment Decision is the subject of the petition shall transmit” the record) (emphasis added).
Thus, according to the terms of the Ordinance, the Tribe has waived the Tribe’s sovereign immunity for purposes of judicial review of Final Employment Deei-sions only where the Tribe has issued the Final Employment Decision; where the Final Employment Decision was issued by a Tribal Government Corporation, the waiver of immunity is specific to that Tribal Government Corporation. This Court will not expand a waiver of tribal sovereign immunity by inference. While Petitioner accurately quotes the findings of the Ordinance as defining all employees of the Tribe and its Corporations as “employees of the Tribe,” Tribal Code § 255.5(a)(3), Petitioner does not demonstrate how this language operates to waive the sovereign immunity of the Tribe to suit in light of the express and limited waiver provisions of § 255.5(c). Respondent’s explanation of the language in the findings is persuasive: that the intent of finding that all employees of all Tribal enterprises, including Spirit Mountain Gaming, are employees of the Tribe was not to waive the Tribe’s immunity in each instance, but rather to make clear that the waiver provisions of the Ordinance applied to the Tribal Government Corporations, whose immunity is derived from but distinct from that of the Tribe.
Petitioner alleges that he “was employed for several years at the Spirit Mountain Casino and his employment was terminated according to a document dated June 12, 2003.” Petition for Judicial Review, September 11, 2003, at 1. He also alleges that he “pursued a review of his employment termination which was declared in an August 18, 2003, letter to have been upheld .... ” Id. Along with its Motion, the Tribe attached a copy of this letter, which is on Spirit Mountain Casino letterhead and is signed by “Sarah C. Harvey, Benefits and Employee Relations Manager, Spirit Mountain Gaming, Inc.”[2]
*84 Petitioner has failed to demonstrate that the Tribe has waived its subject matter jurisdiction to be named as a party-respondent in challenges to employment decisions made by Spirit Mountain Gaming. The Gourt therefore lacks subject matter jurisdiction to hear a matter naming the Tribe as a party-respondent where the Tribe was not the Decisionmaker.

b. FRCP 12(b)(6)

The Tribe’s Motion can also be construed as FRCP 12(b)(6) motion to dismiss for “failure to state a claim upon which relief can be granted.” Petitioner’s characterization of the burden under this type of motion is correct: when considering such a challenge, the Court must presume that all well-pleaded factual allegations contained are true, must resolve all doubts and inferences in the Petitioner’s favor, and must view the Petition in the light most favorable to the Petitioner. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).
However, while the standard of review for FRCP 12(b)(6) motions is liberal in favor of the Petitioner, the Court need not accept as true bald legal assertions and legal conclusions, nor will it draw unwarranted inferences to aid the Petitioner. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996); Associated General Contractors of America v. Metropolitan Water District of So. California, 159 F.3d 1178, 1181 (9th Cir.1998). Petitioner must still allege some set of facts—either directly or by inference—that satisfy each element for recovery under the applicable law. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir.1996). Petitioner has failed to allege any facts whatsoever that could be construed, under Tribal Code § 255.5, to demonstrate that the Tribe is a party against whom relief could be granted. While Petitioner names the Confederated Tribes as a Party-Respondent in the caption, the Petition alleges no facts that could be construed to demonstrate that the Tribe was the entity against whom relief can be granted. In his Petition for Judicial Review captioned Fred McGee v. The Confederated Tribes of the Grand Ronde Community of Oregon, Petitioner alleges only a single fact regarding his employer: “Petitioner was employed for several years at the Spirit Mountain Casino.... ” This fact, rather than bolstering his defense against the Motion to Dismiss, instead serves to undermine any claim under the Employment Action Review Ordinance that the Tribe is an appropriate party defendant. Petitioner has failed to state a claim against the Tribe under which relief could be granted.

4. Supplementing the Record and Expediting the Hearings

The Court has determined that oral argument would assist in making the determination regarding Petitioner’s motion to supplement the record. In addition, after further consideration of the issues discussed at the Pre-Hearing Conference, the Court has determined that further argument on Petitioner’s motion to expedite these proceedings would be useful. The Court has set oral argument in this matter for Friday, February 6, 2004, at 3:15 PM.
Based on the foregoing, IT IS HEREBY ORDERED:
1. The Automatic Stay provisions of the Federal Bankruptcy Code, 11 U.S.C. § 362, do not apply to this case, and THE CASE WILL PROCEED;
*85 2. Petitioner’s Objection to the Protective Order dated October 16, 2003 is DENIED, and the Protective Order WILL REMAIN IN FULL FORCE AND EFFECT.
3. Respondent’s Motion to Dismiss the Confederated Tribes of Grand Ronde Community of Oregon as a party defendant is GRANTED;
4. Petitioner’s Motion to Supplement the Record as well as his motion to expedite the hearing is set for oral argument to be heard on Friday, February 6, 2004, at 3:15 PM.
IT IS SO ORDERED.

. The Court notes, further, that even if Respondent had not sought to dismiss on subject matter jurisdiction grounds, a challenge to subject matter jurisdiction can be raised at any time by any party or even by the Court. See Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir.1988).

. Under a substantive challenge to subject matter jurisdiction, the Court may receive and consider extrinsic evidence. Coalition for Underground Expansion v. Mineta, 333 F.3d 193, *84 198 (D.C.Cir.2003). Petitioner received a copy of this document, and had the opportunity, in his response, to challenge or respond with contradictory evidence. Petitioner did not do so.